UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GALLEGOS DELGADILLO,<br><br>             Plaintiff,<br><br>   v.<br><br>MICHELL GRIGGS, et al.,<br><br>             Defendants. | CASE NO.   1:11-cv-00396-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On March 8, 2011, Plaintiff Victor Gallegos Delgadillo, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 4.)  Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.    SUMMARY OF COMPLAINT

The Complaint names Michell Griggs, District Attorney and the City of Fresno as Defendants in this action. Plaintiff alleges the following:

On June 16, 2000, Plaintiff was sentenced to a "program" and one year in prison for sexual battery and corporal injury to a spouse. Plaintiff was represented by counsel, and the case was prosecuted by Defendant Griggs. (Coml. at 3.) These convictions alone were not a sufficient basis to deport Plaintiff out of the United States. (Id. at 4.)

At some point Defendant Griggs created a false record of an additional criminal conviction that had actually been previously dismissed. (Id. at 3.) "Based on the falsified sinature [sic] by District Attorney Michell Griggs on the Order For Placement And Delivery

2

(PC 1203.03), [P]laintiff was convicted now for a deportable crime." (Id. at 4.) The falsified documents stated that Plaintiff had plead guilty to three charges. On July 16, 2003, an immigration judge accepted the false documents as true and accordingly deported Plaintiff. (Id.) Plaintiff asserts violations of his Fifth, Sixth, and Fourteenth Amendment rights.

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

It is conceivable that Plaintiff may state a cognizable claim based on the allegation that Defendant Griggs violated his federal rights by fabricating a criminal conviction. However, as pled, the Complaint does not provide enough factual detail for the Court to determine whether Plaintiff's claim is viable. The allegations in the Complaint are not

concise and chronological. The result is a vague narrative that leaves the Court unable to decipher exactly how and when the Defendants created a false conviction and managed to get it recognized as valid in Plaintiff's criminal or immigration proceedings. Plaintiff admits he was convicted and sentenced for sexual battery and corporal injury to a spouse. He then alleges that Defendant Griggs falsified a record of another conviction and that Plaintiff was deported as a result. Missing is information to enable the Court to determine what the false conviction was for, how and when it was created and used in such a way to harm Plaintiff, and what about it, aside from the legitimate conviction, caused Plaintiff to be deported. Was the conviction a result of criminal proceedings? Was it discovered during the deportation process? How did Defendant Griggs create a record of a false conviction? The forty-nine pages attached to the Complaint provide none of this information or other support for Plaintiff's claims.

Plaintiff has failed to state a cognizable claim. The Court will grant Plaintiff leave to amend. As a threshold matter, before the Court can address the merits of any claim, Plaintiff must fully explain how the Defendants are responsible for the violations alleged. That is to say, Plaintiff must explain what the Defendants did, when they did it, how they did it, and how their actions led to the violation of Plaintiff's rights. Exhibits are not necessary but may be helpful if Plaintiff can link his allegations to documents supporting his claims.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the

4

alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 8, 2011;

      2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

      3.      Plaintiff shall file an amended complaint within thirty (30) days; and

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 29, 2012           /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE