UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GALLEGOS DELGADILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHELL GRIGGS, et al.,<br><br>  Defendants.<br>_____ / | CASE NO.   1:11-cv-00396-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 11)<br><br>CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On March 8, 2011, Plaintiff Victor Gallegos Delgadillo, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 9) were screened and dismissed, with leave to amend, on June 29, 2012 and August 30, 2012, respectively, for failure to state cognizable claims. (ECF Nos. 8, 10.) Plaintiff's Second Amended Complaint (ECF No. 11) is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies Michell Griggs, D. Attorney, Superior Court of California County of Fresno as the sole Defendant.

2

Plaintiff's allegations are brief and, regrettably, largely incoherent. As far as the Court can determine, Plaintiff alleges that Defendant Griggs forged documents that resulted in Plaintiff being incarcerated and eventually deported. The amended complaint does not specify what, if any, federal right was violated. (Compl. at 3.)

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

As was the case with Plaintiff's original and first amended complaints, the instant pleading does not advise the Court of the claims Plaintiff intends to plead or the alleged basis for them. The Second Amended Complaint is a vague narrative lacking a clear description of Defendant's allegedly unconstitutional conduct. As pled, the Court can not

determine that the amended complaint contains a cognizable claim.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Court has twice previously notified Plaintiff that his allegations did not meet the threshold requirements to state a cognizable claim. Plaintiff was given two opportunities to amend and undertake to identify a cognizable claim. He has not succeeded.

The Court is aware that English is not Plaintiff's primary language and that his efforts to properly express his complaints have been difficult. However, the Court can not draft his pleading for him, cannot let its enormous caseload of comparable cases languish while it indulges Plaintiff's unproductive attempts, and cannot allow Plaintiff's complaint to proceed without identifying a viable claim.

Plaintiff has not alleged facts demonstrating a violation of his federal rights. His past failures to successfully amend despite the Court's efforts to provide guidelines is reason to conclude he can not successfully amend. Thus, no useful purpose would be served in once again advising him of the applicable standard and giving him further leave to amend.

## V.   **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to

4

state a claim.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated:     October 30, 2012              /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE